O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ANTHONY E. TADMAN,                          )  NO. CV 12-05298-MAN
                                            )
                Plaintiff,                  )
                                            )  MEMORANDUM OPINION
        v.                                  )
                                            )  AND ORDER
CAROLYN W. COLVIN,[1]                       )
Acting Commissioner of Social               )
Security,                                   )
                                            )
                Defendant.                  )
_____            )

        Plaintiff filed a Complaint on June 22, 2012, seeking review of the denial by the Social Security Commissioner ("Commissioner") of plaintiff's applications for period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI").  On August 10, 2012, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  The parties filed a Joint Stipulation on May 1, 2013, in which:  plaintiff seeks an order reversing the Commissioner's decision and remanding this case for payment of benefits or, alternatively, for further administrative proceedings; and the Commissioner requests that her decision be affirmed or, alternatively, remanded for further administrative proceedings.

---

[1]     Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013, and is substituted in place of former Commissioner Michael J. Astrue as the defendant in this action.  (See Fed. R. Civ. P. 25(d).)

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

Plaintiff filed an application for period of disability and DIB on May 22, 2009, and for SSI benefits on May 27, 2009.  (Administrative Record ("A.R.") 139-40, 143-47.)  Plaintiff alleges an onset date of July 31, 2006, and claims he cannot work because of a "[m]uscular disorder in his back" and "nervous breakdown[s]."  (A.R. 191-92.)  Plaintiff has past relevant work experience as a plumber.  (A.R. 192-93.)

After the Commissioner denied plaintiff's claims initially and upon reconsideration (A.R. 70-74, 76-79, 81-85, 87-91), plaintiff requested a hearing (A.R. 95-97).  On December 15, 2010, plaintiff, who was represented by counsel, appeared and testified at a hearing before Administrative Law Judge John W. Wojciechowski (the "ALJ").  (A.R. 43-65.)  Vocational expert Frank Corso also testified.  (*Id.*)  On January 7, 2011, the ALJ denied plaintiff's claims (A.R. 26-35), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 1-5).  That decision is now at issue in this action.

## SUMMARY OF ADMINISTRATIVE DECISION

The ALJ found that plaintiff met the insured status requirements of the Social Security Act through December 31, 2008, and that he has not engaged in substantial gainful activity since the alleged onset date of July 31, 2006.  (A.R. 29.)  The ALJ also found that plaintiff suffers from degenerative disc disease of the lumbosacral spine.  (*Id.*; citing 20 C.F.R. §§ 404.1520(c) and 416.920(c).)  In so finding, the ALJ discussed the report of Dr. Seung Ha Lim, a consultative examiner, the reports of Dr. Miriam Thomas, and the findings of Dr. Mark Chin.  (*Id.*)  With respect to plaintiff's mental health, the ALJ found that plaintiff's affective disorder and alcohol dependence do not cause more than minimal limitations in his ability to perform basic mental work activities, citing Dr. Ernest Bagner's findings, medical consultant Dr. R.E. Brooks's report, and social worker Sandra Sanchez's observations.  (A.R. 29-30.)  Next, the ALJ found that plaintiff

2

does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.  (A.R. 31.)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform light exertional work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b).  (A.R. 31.)  The ALJ found that plaintiff can:  "stand/walk for six hours in an eight-hour workday, sit for six hours in an eight-hour workday, frequently balance, stoop, kneel, crouch, and crawl, frequently climb ramps and stairs, and occasionally climb ladders, ropes, and scaffolds." (*Id.*)  In determining plaintiff's RFC, the ALJ summarized the medical record.  (A.R. 32-33.) He also found plaintiff to be less than fully credible, explaining:

> [Plaintiff]'s credibility is weakened by inconsistencies between [plaintiff]'s assertion of chronic debilitating body pain and the limited medical treatment he has undergone.  It is reasonable to assume that if [plaintiff] had a debilitating condition or combination of conditions, he would have undergone more frequent medical treatment.

> [Plaintiff]'s credibility is also weakened by inconsistencies between [plaintiff]'s assertions of chronic debilitating body pain and the August 2009 assessment of consultative examiner Dr. Seung Ha Lim, who reviewed the medical records, examined [plaintiff], and reported that [plaintiff] exhibits normal gait, good motor strength of the extremities, normal range of motion of the joints of the upper and lower extremities, and normal range of motion of the back without any signs of radiculopathy.

> [Plaintiff]'s credibility is further weakened by his statements that he performs household chores, such as cooking, cleaning, making the bed, washing dishes,

doing the laundry, and going grocery shopping twice weekly.  It is reasonable to assume that if [plaintiff] had a debilitating condition or combination of conditions, he would lack the stamina to perform these multiple activities of daily living.

(A.R. 32; internal citations omitted.)

The ALJ determined that given the his RFC determination, plaintiff was unable to perform his past relevant work as a plumber, and that considering his age,[2] education,[3] work experience, and RFC, jobs existed in significant numbers in the national economy that he could perform.  (A.R. 33-34.)  Accordingly, the ALJ concluded that plaintiff has not been under a disability from July 31, 2006, through the date of the decision, January 7, 2011.  (A.R. 35.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole.  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Id. (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003).  While inferences from the record can constitute substantial evidence, only those "'reasonably drawn from the record'" will suffice.  Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court

---

[2]     On the alleged onset date, plaintiff was 39 years old, which is defined as a younger individual.  (A.R. 33; citing 20 C.F.R. §§ 404.1563 and 416.963.)

[3]     The ALJ found that plaintiff has a limited education and is able to communicate in English. (A.R. 34; citing 20 C.F.R. §§ 404.1564 and 416.964.)

4

nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); see also Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; see also Connett, 340 F.3d at 874.  The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(quoting Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006)); see also Burch, 400 F.3d at 679.

## DISCUSSION

Plaintiff claims that the ALJ:  (1) committed legal error by failing to consider the opinions of plaintiff's treating doctors from the San Fernando Health Center; and (2) improperly discounted plaintiff's pain testimony and credibility.  (Joint Stipulation ("Joint Stip.") at 5-7, 12-23, 26.)

## I.     The ALJ Failed To Consider Properly The Opinion Of Plaintiff's Treating Physician.

An ALJ is obligated to take into account all medical opinions of record.  20 C.F.R. §§ 404.1507(d), 416.927(d).  It is the responsibility of the ALJ to resolve conflicts in medical

5

testimony and analyze evidence.  Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).  In the hierarchy of physician opinions considered in assessing a social security claim, "[g]enerally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's."  Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); see also 20 C.F.R. §§ 404.1527(d), 416.927(d).

The opinions of treating physicians are entitled to the greatest weight, because the treating physician is hired to cure and has a better opportunity to know and observe the claimant. Magallanes, 881 F.2d at 751.  When a treating or examining physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  When contradicted by another doctor, a treating or examining physician's opinion may only be rejected if the ALJ provides "specific and legitimate" reasons supported by substantial evidence in the record.  Id.; see also Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008); Orn, 495 F.3d at 632.

"The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of . . . a treating physician."  Lester, 81 F.3d at 831; see Pitzer v. Sullivan, 908 F.2d 502, 506 n.4 (9th Cir. 1990)(finding that the nonexamining physician's opinion "with nothing more" did not constitute substantial evidence).  However, "[w]here the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence."  Andrews, 53 F.3d at 1041.  Independent clinical findings include "(1) diagnoses that differ from those offered by another physician and that are supported by substantial evidence, or (2) findings based on objective medical tests that the treating physician has not herself considered."  Orn, 495 F.3d at 632 (internal citations omitted).

Plaintiff argues that the ALJ failed to properly consider Dr. Chin's opinions, because

6

although the ALJ discussed Dr. Chin's findings, the opinion does not set forth any bases for rejecting them.[4]

Plaintiff summarizes Dr. Chin's opinions as follows:

Dr. Chin diagnosed chronic back pain, foot pain[,] and morbid obesity with symptoms of fatigue, left foot pain, back pain.  Dr. Chin stated that [plaintiff] was not a malingerer.  Dr. Chin opined that [plaintiff] could sit up to 6 hours in an 8 hour workday and stand/walk 2 hours with lifting and carrying described as 20 pounds occasionally and 10 pounds frequently.  Dr. Chin described [plaintiff] as having occasional deficits in maintaining attention and concentration as a result of his severe impairments.

(Joint Stip. at 6.)

In determining plaintiff's RFC, the ALJ reviewed the medical evidence of record, including the August 2009 assessment by Dr. Lim and the October 2010 assessment by Dr. Chin.  The ALJ noted that while Dr. Lim found that plaintiff had no "impairment-related physical limitations," Dr. Chin found that:  "[plaintiff] can lift/carry 20 pounds occasionally and 10 pounds frequently, can sit for six hours in an eight-hour workday, can occasionally twist, stoop, bend, and crouch, can occasionally climb ramps and stairs, and lack limitations for repetitive reaching, handling, and fingering."  (A.R. 33.)  "Viewing the evidence in the light most favorable to [plaintiff]," the ALJ determined, as noted *supra*, that plaintiff has the ability to perform:  "light exertional work with the capacit[y] to stand/walk for six hours in an eight-hour workday, sit for six hours in an eight-hour workday, frequently balance, stoop, kneel, crotch, and crawl, frequently climb ramps and stairs and occasionally climb ladders, ropes, and scaffolds."  (A.R. 33.)

---

[4]    Although plaintiff appears to argue that multiple treating doctors' opinions were improperly rejected, he discusses only the alleged failure to consider Dr. Chin's opinions.  (Joint Stip. at 6-7.) Therefore, the Court will limit its  analysis to the ALJ's consideration of Dr. Chin's opinions.

Notwithstanding the ALJ's statement that he had viewed the evidence in the light most favorable to plaintiff, the ALJ assessed a *less* restrictive RFC for plaintiff than that assessed by Dr. Chin. For example, the ALJ found plaintiff capable of, *inter alia*, standing and walking for six hours in an eight-hour workday and frequently stooping, crouching, and climbing stairs (A.R. 31); Dr. Chin found plaintiff capable of standing/walking for only two hours in an eight-hour workday and only occasionally stooping, crouching, and climbing stairs (A.R. 388). Additionally, the ALJ's RFC assessment for plaintiff does not incorporate Dr. Chin's opinion that:  plaintiff should be limited to occasional twisting, stooping, and bending; plaintiff's pain or other symptoms would occasionally interfere with his attention and concentration necessary to sustain simple, repetitive tasks; and plaintiff would be absent one day per month as a result of  his medical impairments and/or treatment.  (A.R. 387-89.)   The ALJ's failure to either incorporate Dr. Chin's RFC assessment or to provide specific and legitimate reasons for apparently rejecting significant portions of that treating physician's assessment constitutes reversible error.

## II.    **The ALJ Failed To Consider Plaintiff's Credibility Properly.**

Once a disability claimant produces objective medical evidence of an underlying impairment that is reasonably likely to be the source of claimant's subjective symptom(s), all subjective testimony as to the severity of the symptoms must be considered.  Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991); *see also* 20 C.F.R. §§ 404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated). "[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." Robbins, 466 F.3d at 883.  The factors to consider in weighing a claimant's credibility include:  (1) the claimant's reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant

complains.  *See* Thomas v. Barnhart, 278 F.3d 947, 958–59 (9th Cir. 2002); *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c).

An ALJ may not rely on a plaintiff's daily activities to support an adverse credibility determination when those activities do not affect the claimant's ability to perform appropriate work activities on an ongoing and daily basis.  Gonzalez v. Sullivan, 91 F.2d 1197, 1201 (9th Cir. 1990).  As the Ninth Circuit noted in Lester, the ALJ must evaluate claimant's "'ability to work on a *sustained* basis.'" 81 F.3d at 833 (emphasis in original; citation omitted).  A claimant need not be "utterly incapacitated to be eligible for benefits . . . and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."  Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)(internal citations omitted).

Here, the ALJ found that, "[a]fter careful consideration of the evidence, . . . [plaintiff]'s medically determinable impairments could reasonably be expected to cause the alleged symptoms." (A.R. 32.)  Further, the ALJ cited no evidence of malingering by plaintiff. Nonetheless, the ALJ concluded that plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible" to the extent they varied from the ALJ's own RFC assessment.  (Id.)  Accordingly, the ALJ's reasons for finding that plaintiff was not credible with respect to his subjective symptom and pain testimony must be "clear and convincing."

Plaintiff testified at the December 15, 2010 hearing that pain in his chest and back prevented him from working. (A.R. 49.)  Plaintiff indicated that he walks to the market, does his own shopping, and cooks his own meals, but also lives with pain all day every day. (A.R. 56.)

On a daily activities questionnaire dated May 13, 2009, plaintiff reported that, on an average day, he cleaned, cooked, ate, rested, and handled legal obligations. (A.R. 177.)  In

9

response to a question asking what difficulties he had caring for his own personal needs and whether he required any type of assistance, he simply answered, "No." (*Id.*)  Plaintiff indicated that he does all of his own shopping and chores and goes out once or twice a day.  (A.R. 178-79.)  Plaintiff also reported going to church once a week.  (A.R. 180.)  In the same report, plaintiff noted bad headaches and constant pain.  (A.R. 181.)

Plaintiff continued to report extreme and constant pain and muscle spasms on his exertion questionnaire dated July 9, 2009.  (A.R. 202.)  On the same report, plaintiff indicated he does minimal light housework and sleeps for eight hours a night.  (A.R. 203.)  He also indicated that he can go up one flight of stairs, lift shopping bags and small suitcases up to twenty to thirty pounds, and carry ten to twenty pounds of groceries twice a week.  (A.R. 204.)  Plaintiff also drives, makes his own bed, washes his clothes, and does the dishes.  (Id.)

The ALJ discounted plaintiff's subjective symptom testimony, because it was inconsistent with:  (1) the objective medical evidence –- *to wit*, the August 2009 assessment of Dr. Lim, who reported that plaintiff exhibited normal gait, good motor strength, normal range of motion, and no radiculopathy; (2) plaintiff's limited medical treatment; and (3) plaintiff's daily activities.  (A.R. 32.)

With respect to the ALJ's first ground, even assuming *arguendo* that the medical evidence -- *to wit*, Dr. Lim's August 2009 assessment –- did not corroborate the degree of plaintiff's allegedly disabling limitations, this factor cannot form the "sole basis" for discounting plaintiff's subjective symptom testimony.  Burch, 400 F.3d at 681 ; *see* Bunnell, 947 F.2d at 347 (noting that "[i]f an adjudicator could reject a claim of disability simply because a claimant fails to produce medical evidence supporting the severity of the pain, there would be no reason for an adjudicator to consider anything other than medical findings").  Accordingly, because the ALJ's first ground cannot, by itself, constitute a clear and convincing reason for discrediting plaintiff's testimony, the ALJ's credibility determination rises or falls with the ALJ's other grounds for discrediting plaintiff.

10

The ALJ's second ground for discounting plaintiff's credibility -- *to wit*, that plaintiff's testimony is inconsistent with his limited medical treatment -- is not clear and convincing. While it is true that conservative or infrequent treatment can be used by an ALJ to refute allegations of disabling pain, "[it] is not a proper basis for rejecting the claimant's credibility where the claimant has a good reason for not seeking more aggressive treatment." Carmickle v. Comm'r of SSA, 533 F.3d 1155, 1162 (9th Cir. 2008). At the administrative hearing, plaintiff testified that he had not pursued more aggressive treatments, such as facet block injections for his back pain, because his doctor told him that "in [his] case [they] wouldn't be helpful." (A.R. 53.) Plaintiff further testified that, although his doctor wanted to prescribe him stronger pain medications, *i.e.*, Soma and Oxycontin, plaintiff's insurance would not cover those medications. (A.R. 53.) Thus, because plaintiff provided good reasons for not seeking more aggressive treatments, plaintiff's minimal treatment regime is not a proper basis for discounting his credibility.

Finally, the ALJ reasoned that plaintiff's daily activities seem inconsistent with his pain testimony. In support of his reasoning, the ALJ states, "[i]t is reasonable to assume that if [plaintiff] had a debilitating condition or combination of conditions, he would lack the stamina to perform these multiple activities of daily living." (A.R. 32.) Significantly, however, the ALJ fails to explain *how* plaintiff's minimal activities -- the majority of which are performed for short periods of time[5] while plaintiff is in pain -- are contrary to his allegedly disabling limitations. Further, the ALJ does not explain how plaintiff's ability to perform the above-noted activities translates into the ability to perform full-time work. *See* Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001))(noting that the "mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from his credibility as to her overall disability"). "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take

---

[5]    *See, e.g.,* A.R. 204 (plaintiff reported that it takes him 5 minutes to make his bed and 10 minutes to wash his dishes).

medication."  Smolen v. Chater, 80 F.3d 1273, 1283 n.7 (9th Cir. 1996).

Accordingly, for the aforementioned reasons, the ALJ failed to provide clear and convincing reasons, as required, for finding plaintiff to be not credible.  This constitutes error.

### III.    Remand Is Required.

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion.  Harman v. Apfel, 211 F.3d 1172, 1175-78 (th Cir. 2000).  Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings.").  However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  Id. at 1179-81.

Remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors. See, e.g., Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)(remand for further proceedings is appropriate if enhancement of the record would be useful).  On remand, the ALJ must correct the above-mentioned deficiencies and errors.

///
///
///
///
///
///
///

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  October 8, 2013

*Margaret a. Nagle*

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

13